# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

January 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9701-CC-00060 |
| Appellee, | ) | |
| | ) | CARROLL COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| NOAH GENE NOBLE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**GUY T. WILKINSON**
District Public Defender

**BILLY ROE (at trial)**
Assistant Public Defender
P.O. Box 663
Camden, TN 38320

**RAYMOND L. IVEY (on appeal)**
Ivey, Parish, & Johns
P.O. Box 229
Huntingdon, TN 38344

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**ELEANOR CAHILL**
Assistant District Attorney General
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

## OPINION

The appellant, Noah Gene Noble, appeals the sentences imposed by the Circuit Court of Carroll County following his guilty plea to the following: Count 1: driving on a revoked license; Count 2: evading arrest; Count 3: failure to appear on counts 1 and 2; Count 4: aggravated burglary; and Count 5: failure to appear on count 4. The trial court ordered him to serve an effective sentence of almost fourteen (14) years. The appellant contends the sentences are excessive. The judgment of the trial court is affirmed.

## FACTS

In April 1994, the appellant was driving his car while his drivers license had been revoked or suspended. Tennessee Highway Patrol Officer Warren Rainey attempted to arrest appellant for this offense, but he fled. In May 1994, the appellant failed to appear in court to answer these charges. This led to a misdemeanor charge for failure to appear.

Later in May 1994, the appellant unlawfully entered the home of Robert Steve Todd, thereby committing a burglary. The appellant was confronted by the homeowner's teenage sons and, after a struggle which included the discharge of a weapon, he left. In June 1994, the appellant failed to appear to answer the aggravated burglary charge, and a felony charge for failure to appear resulted.

Appellant entered a plea of guilty and was sentenced as follows:

Count 1: Driving on Revoked License- Six (6) months, to run concurrently with Count 2.
Count 2: Evading Arrest- Eleven (11) months twenty-nine (29) days, to run concurrently with Count 1.
Count 3: Failure to Appear- Eleven (11) months twenty-nine (29) days, to run consecutively with all other offenses.
Count 4: Aggravated Burglary- Nine (9) years to run consecutively with all other offenses.
Count 5: Failure to Appear- Three (3) years to run consecutively with all other offenses.

## SENTENCING STANDARD OF REVIEW

This Court's review of the sentences imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is on the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## EXCESSIVE SENTENCES

As to the two (2) felony convictions, appellant was sentenced as a Range II, Multiple Offender. The appellant contends that sentences of nine (9) years for aggravated burglary, three (3) years for felony failure to appear, and eleven (11) months and twenty-nine (29) days for evading arrest are excessive.

3

**A**.

If no mitigating or enhancing factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d at 788. However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for aggravating factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

**B**.

After the sentencing hearing, the trial court found that two (2) enhancement factors applied in this case: (1) the appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, and (2) the offense involved more than one victim. Tenn. Code Ann. § 40-35-114 (1), (3).

The trial court properly applied enhancement factors in this case. The appellant had a lengthy history of prior convictions.[1] The trial court also properly found the aggravated burglary offense involved more than one victim.

In addition to the enhancement factors applied by the trial court, we note

---

[1] Appellant had eight (8) prior felony convictions as well as prior misdemeanor convictions.

that the aggravated burglary and felony failure to appear were committed while the appellant was on bail for introducing alcohol into the county jail. *See* Tenn. Code Ann. § 40-35-114 (13)(A). It also appears that some of the appellant's previous convictions occurred at a time when he was on probation or parole. *See* Tenn. Code Ann. § 40-35-114 (8). This Court is authorized to consider any enhancing or mitigating factors supported by the record even if not relied upon by the trial court. *See* State v. Smith, 910 S.W.2d 457 (Tenn. Crim. App. 1995). We find these enhancement factors to be applicable.

## C.

The appellant was sentenced as a Range II, Multiple Offender for the felony convictions. The sentencing range for aggravated burglary is six (6) to ten (10) years, and the range for felony failure to appear is two (2) to four (4) years. Tenn. Code Ann. § 40-35-112(b)(3), (5). After giving due consideration to the factors and principles relevant to sentencing, the trial court imposed sentences that were within the statutory range and adequately supported by the record. This Court will not, therefore, disturb those sentences. *See* State v. Fletcher, 805 S.W.2d at 789.

The appellant further contends his eleven (11) month twenty-nine (29) day sentence for evading arrest is excessive. This Court has held there is no presumptive minimum in misdemeanor sentencing. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). The sentence was properly determined by the trial court, and we see no reason to reduce it.

## CONSECUTIVE SENTENCING

Finally, the appellant contends the trial court erred in imposing a consecutive sentence for the misdemeanor charge of failure to appear. It is undisputed that the appellant had an extensive prior record of criminal activity.

5

*See* Tenn. Code Ann. § 40-35-115 (b)(2).  We must also determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing.  State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).  Although the trial court failed to make the findings required by Wilkerson, we find that these factors are present under our power of *de novo* review.  Tenn. Code Ann. § 40-35-401(d).  Consecutive sentencing was appropriate.

For the above reasons, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**