STATE of Tennessee, Appellee,

v.

**Harry Andre JONES, a/k/a Herman Rodrigus Jones, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 17, 1994.

Permission to Appeal Denied by Supreme Court Oct. 10, 1994.

Ardena J. Garth, Dist. Public Defender, Donna Robinson Miller, Asst. Dist. Public Defender, Karla G. Gothard, Executive Asst. Dist. Public Defender, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, Rebecca Stern, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

WADE, Judge.

The defendant, Harry Andre Jones, was convicted of aggravated rape. The trial court imposed a Range I sentence of 20 years.

In this appeal, the defendant claims that consent is a defense to aggravated rape; that the trial court should have instructed the jury on the lesser included offense of statutory rape; and that the trial court erred in imposing sentence.

Because the trial court did not charge either the defense of mistake of fact or the lesser offense of statutory rape, we reverse the conviction and remand for a new trial.

In October or November 1991, the defendant, 23 years of age, came to reside with Ada May Davidson and her family. On several occasions between December of 1991 and March of 1992, the defendant and Ms. Davidson's twelve-year-old daughter, the victim in this case, engaged in consensual, sexual intercourse. As a result, the victim became pregnant and gave birth to a daughter on September 18, 1992, some six months after her thirteenth birthday.

## I

Initially, the defendant cites a variety of legislative enactments in support of his argument that consent by the victim is a defense to aggravated rape. The crime is defined in pertinent part as follows:

(a) Aggravated rape is *unlawful* sexual penetration of a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

\* \* \* \* \* \*

(4) The victim is less than thirteen (13) years of age.

Tenn.Code Ann. § 39–13–502(a).

First, the defendant alleges that this use of the term "unlawful," which is not defined in the sexual offenses provisions, is synonymous with non-consensual sex. He reasons that the legislature used the term "unlawful" in defining rape, aggravated rape, sexual battery, and aggravated sexual battery, but it did not do so in defining statutory rape:

(a) Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen

(18) years of age and the defendant is at least four (4) years older than the victim. Tenn.Code Ann. § 39–13–506(a).

In *Rose v. Locke*, 423 U.S. 48, 49–50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975), the United States Supreme Court acknowledged that absolute precision is not necessary to meet constitutional standards:

> [The due process] prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness for "[i]n most English words and phrases there lurk uncertainties." Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what statutes may compel or forbid.

(Citations omitted).

Sometime ago, our court addressed the meaning of the term "unlawful" in the context of the aggravated sexual battery statute:

> We need not cite authority for the undefined use of the words "unlawful" and "reasonably" throughout the law. Plainly, the statutes are clear without the inclusion of the definitions of "unlawful" and "reasonably."
>
> ... [W]e hold that under the facts of this case, unlawful sexual contact was complete upon the defendant's intentional touching of the victim, whether for sexual arousal or gratification of himself, or of the victim, or of both.
>
> We hold, therefore, that the language complained of, read in the context of both statutes, provides clear warning of the prohibited conduct and sufficiently delineates boundaries so that a person may determine upon which side of the line his acts fall.

*State v. Schimpf*, 782 S.W.2d 186, 189 (Tenn. Crim.App.1989).

■ The same rationale applies here. Even though the term "unlawful" may generally refer to non-consensual acts, the defense of consent is still not available when the factor elevating the crime from simple rape to aggravated rape is the age of the victim.

There is plain meaning in the statute. This interpretation is in accord with several unreported opinions rendered by this court. *See, e.g., State v. Billy Wayne Hart*, No. 3, 1988 WL 74606 (Tenn.Crim.App., Jackson, July 20, 1988), *perm. to appeal denied* (Tenn. 1988); *State v. Johnny W. Raines*, No. 86–224–III, 1987 WL 16072 (Tenn.Crim.App., Nashville, Aug. 26, 1987), *perm. to appeal denied* (Tenn.1987). *See also* D. Raybin, *Tennessee Practice* § 28.94 (1985).

These holdings are consistent with the legislative aim to provide special protection for children. Our statutory scheme classifies sexual offenses against victims twelve years of age or under as either class A or class B felonies, with Range I sentences between 8 and 25 years. By comparison, statutory rape of a victim between the ages of thirteen and eighteen is a class E felony with a possible Range I penalty of only one to two years.

In summary, our view, simply stated, is that consent is never a defense to a sex offense when the victim is less than thirteen years of age. The term "unlawful," as used in the statute, does not afford the defendant any relief.

Secondly, the defendant argues that Tenn. Code Ann. § 40–17–119, a statute addressing the admissibility of specific instances of a victim's prior sexual behavior where consent was an issue, supports his contention. Because the act did not provide an exception for minors, the defendant argues that consent is a viable defense under these circumstances. We disagree.

Section 40–17–119 has been repealed. Rule 412 of the Tennessee Rules of Evidence now controls. While the old statute and the new rule have some similar language, neither provide the defendant any measure of support. Moreover, other legislation buttresses our conclusion that consent is not material:

> If the alleged victim of a sexual penetration or sexual contact within the meaning of § 39–13–501 is less than thirteen (13) years of age, such victim shall, *regardless of consent*, not be considered to be an accomplice to such sexual penetration or sexual contact, and no corroboration of such alleged victim's testimony shall be

required to secure a conviction if corroboration is necessary solely because the alleged victim consented.

Tenn.Code Ann. § 40–17–121 (Supp.1991) (emphasis added).

Finally, the defendant contends that because consent is a defense to the remaining sections of the aggravated rape statute, it should also apply to victims under the age of thirteen (13); otherwise, the statute would be violative of Art. II, § 17 of the Tennessee Constitution which mandates that no statute may embrace more than one subject matter. Again, we disagree.

"The purpose of this constitutional provision is to assure ... notice of legislative proposals and to prevent surprise and fraud in enactments." *Farris v. State,* 535 S.W.2d 608, 610 (Tenn.1976). Here, the applicable statute embraces only one subject, aggravated rape. Thus, we find no constitutional violation. Moreover, the law is well established that codification of a legislative enactment cures all defects in the caption of the bill. *Harmon v. Angus R. Jessup Associates, Inc.,* 619 S.W.2d 522, 523 (Tenn.1981). The defects are cured from the effective date of the Codification Act forward. *Keaton v. State,* 212 Tenn. 690, 693, 372 S.W.2d 163, 164 (1963).

Accordingly, we find the defendant's first claim to be without merit.

## II

The second issue raised by the defendant is whether the "evidence was insufficient as a matter of law to support the verdict where the state failed to prove the defendant knew the victim was under the age of thirteen." The defendant argues that the proof at trial supported his belief that the victim was at least thirteen and that "ignorance or mistake of fact is a defense to prosecution if such ignorance or mistake negates the culpable mental state of the offense charged." Tenn. Code Ann. § 39–11–502. The state's response is that lack of knowledge of the victim's age is not a defense because it does not negate the requisite intent. The state cites *State v. Hooten,* 735 S.W.2d 823, 824 (Tenn. Crim.App.1987), for the proposition that aggravated rape is a general intent crime with

the requisite mental state being defined as the intent to commit the proscribed act, i.e., the sexual penetration. We agree with neither the defense nor the state.

Here, Tenn.Code Ann. § 39–11–301(b)–(c) is applicable:

(b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.

(c) If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state.

These terms are defined at Tenn.Code Ann. § 39–11–302(a)–(c):

(a) "Intentional" refers to a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result.

(b) "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

(c) "Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

The pertinent portions of the aggravated rape statute neither specifically set forth nor plainly dispense with the requirement of a culpable mental state; that is so for both the proscribed conduct and the relevant accompanying circumstance (the victim is under

13).[1] Because there is no specific provision, we hold that aggravated rape falls within the terms of § 39–11–301(c).

The statutory language requires that "intentional," "knowing," and "reckless" all should have been charged to the jury. By agreement of the parties, the trial court provided instructions that the elements of the crime must have shown either "intentional" or "knowing" actions of the defendant. The trial court acknowledged that "its pretty much a consensus of the judges that there can't be a reckless rape." That is not necessarily true. For example, because of voluntary intoxication, a defendant might either unintentionally or unknowingly rape a victim; yet if the act was reckless, a guilty verdict would be warranted. Similarly, the defendant might recklessly disregard the age of a victim; even if unknowing or unintentional, recklessness might elevate the degree of the offense from rape or statutory rape to aggravated rape. The instruction given by the trial court favored the defense. The state consented to the charge. Thus, the omission did not affect the results of the trial.

We now turn to the defendant's argument that the evidence was insufficient to show he knew the victim was at least thirteen years of age. He argues that this failure in proof negated the requisite culpable mental state.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as triers of fact. *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn.Crim.App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Tenn.R.App.P. 13(e). A crime may be established by the use of cir-

cumstantial evidence only. *State v. Tharpe,* 726 S.W.2d 896 (Tenn.1987); *Marable v. State,* 203 Tenn. 440, 451–52, 313 S.W.2d 451, 457 (1958).

Based upon our review of the evidence, we find that the jury was presented with circumstantial evidence that the defendant could have known the age of the victim at the time of the offense. The two lived in the same residence for two months before the initial sexual encounter. The victim was in the sixth grade. The family had a party for her thirteenth birthday which was on March 13, 1992. Under these circumstances, we conclude that the evidence would have ordinarily been sufficient. A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Our conclusion that the evidence may have been sufficient is, however, premised upon complete, accurate instructions to the jury. In a related issue, the defendant argues that based upon the evidence of mistake of fact as to the age of the victim, the jury should have been charged on the offense of statutory rape. *See* Tenn.Code Ann. § 39–11–502(b). He contends that questions asked of the court by the jurors indicated confusion and, while not specific, the defendant asserts that further instructions were warranted. We agree.

The trial court is obligated to submit any defense "fairly raised by the proof" to the jury. Tenn.Code Ann. § 39–11–204(d). Once a defense is factually at issue, the state has the burden of proving beyond a reasonable doubt that the defense does not apply. Although the defendant did not specifically request a charge on either mistake of fact or statutory rape, the evidence at trial established that the defendant, upon police interrogation, openly admitted his sexual relationship with the victim and told the officers of his belief that the victim was at least thirteen years old at the time of the offense. The victim's mother also testified generally that

---

1. *Compare* Tenn.Code Ann. 39–13–502(a)(3)(B) ("The defendant *knows or has reason to know*

that the victim is mentally defective, mentally incapacitated or physically helpless.").

"everyone knew" the ages of the others within the residence, but she could not point to a specific source for the information and was herself unaware of the defendant's specific age. Moreover, the victim's thirteenth birthday party took place after the date of this offense and, while probative on the issue of age, was not conclusive.

The relevant portions of the instructions given are as follows:

> For you to find the defendant guilty of [aggravated rape], the State must have proven beyond a reasonable doubt the existence of the following essential elements: Number one, that the defendant had unlawful sexual penetration of the alleged victim, or the alleged victim had unlawful sexual penetration of the defendant; and, number two, that the alleged victim was less than 13 years of age; and, number three, that the defendant acted intentionally or knowingly.

The trial court then defined the terms intentionally and knowingly.

After deliberations began but before returning its verdict, the jury sent two written inquiries to the judge:

> (1) Was there any proof of the age of the victim other than that presented by the State?
>
> (2) *Must a defendant know* the age of the victim for there to be a crime?

The trial court answered negatively to the first question and, on the second, responded as follows:

> You have been given all the instructions on the law that pertains to the case. I suggest you read again the portion of the instructions on aggravated rape which includes the elements of the crime and also read again the definitions.

The trial court denied the defense request to read the definitions to the jury a second time.

In our opinion, a possible mistake of fact as to the age of the victim was fairly raised by the proof:

> Ignorance or mistake of fact—(a) Ignorance or mistake of fact is a defense to prosecution if such ignorance or mistake negates the culpable mental state of the charged offense.
>
> (b) Although a person's ignorance or mistake of fact may constitute a defense to the offense charged, the person may be convicted of the offense for which the person would be guilty if the fact were as the person believed.

Tenn.Code Ann. § 39–11–502.

We conclude that there should have been an instruction on the terms of the statute. Mistake of fact may have qualified as a defense to aggravated rape, whether the defendant acted knowingly, intentionally, or recklessly.

 Statutory rape qualified as a lesser included offense. There is, of course, a statutory duty to charge lesser included offenses, whether requested or not, when the facts so justify. That duty is considered mandatory. *Black v. State*, 1 Tenn.Crim.App. 373, 443 S.W.2d 523 (1969). Due to these omissions in the instructions, we find error. Due to the closeness of the issue at least in the minds of the jury, we believe a new trial is warranted. Upon retrial, the trial court should provide instructions on the culpable mental state as to each element of the offense, i.e., both the conduct and the accompanying circumstance (the age of the victim). Any defenses "fairly raised by the proof" and any lesser included offenses should become a part of the charge.

### III

The third and final issue is whether the trial court erred in applying certain enhancement factors and imposing a sentence of twenty years. Had the conviction been upheld, we would have approved of the term imposed.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn.Code Ann. § 40–35–401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991).

The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40–35–102, –103, and –210; *State v. Smith,* 735 S.W.2d 859, 863 (Tenn.Crim.App.1987).

■■■ In the imposition of a Range I sentence of twenty years, the trial court relied upon two statutory enhancement factors: the defendant had a previous history of criminal behavior or convictions in addition to those necessary to establish the appropriate range and the personal injuries inflicted upon the victim were particularly great. Tenn.Code Ann. § 40–35–114(1) and (6). The defendant does not challenge the application of § 40–35–114(1), but does argue that the conception of a child does not qualify as bodily injury.

An unwanted pregnancy, whether for a girl under the age of thirteen or the victim of a more conventional rape, does, in our judgment, come within the definition of personal injury. The physical discomfort is apparent. Obviously, there would be a need for medical care. In summary, each factor would apply.

The defendant also alleges that the trial court improperly relied upon non-statutory enhancement factors such as the defendant's employment history and the nature of the crime. At the hearing on the motion for new trial, the trial court explained that these statements were not considered as means to enhance the length of the sentence but merely comments upon the evidence presented and general considerations in the statutory sentencing framework. We find no fault with that analysis.

■■■ Finally, the defendant contends that the trial court failed to consider certain psychological factors in mitigation of the sentence. He asserts that his brother's death at the hands of the Atlanta child murderer, Wayne Williams, caused psychological concerns. Yet the defendant did not seek follow-up care. Even if an appropriate factor, it would have been given little weight in the context of this record. We would find that the enhancement factors substantially outweigh any mitigation and that the sentence would have been supported by the record.

For the reasons stated, we reverse the conviction and remand for a new trial.

JONES, J., and JOHN K. BYERS, Senior Judge, concur.