**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JUNE 1996 SESSION**

FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9509-CR-00317** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. WALTER C. KURTZ,** |
| **WILLIAM HENRY BARNEY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Rape of a Child, Aggravated |
| | ) | Sexual Battery, and Sentencing) |

**D I S S E N T**

I respectfully disagree with the majority's holding that the counts of the indictment alleging rape of a child are constitutionally adequate. The indictment does not meet constitutional muster because it fails to allege the defendant's <u>mens rea</u>, an essential element of the crime. The author of the lead opinion states, "Upon only a cursory reading of the indictment, any person of normal intelligence would realize that the only sound implication of the factual allegations is that these acts were at least reckless, if not knowing or intentional." I contend that the only sound implication of the factual allegations is that these acts were perpetrated without the victim's consent and that they say nothing about the defendant's <u>mens rea</u>.

To begin, I remind my brethren on the Court that one of the stated objectives of our criminal code is to "Give fair warning of what conduct is prohibited, and guide the exercise of official discretion in law enforcement, by defining the act <u>and the culpable mental state which together constitute an offense</u>." T.C.A. § 39-11-101(2) (1991

Repl.) (emphasis added).  See also T.C.A. § 39-11-301(b) (1991 Repl.) ("A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.")  The act which is prohibited by the rape of a child statute is unlawful sexual penetration.  T.C.A. § 39-13-522(a)(Supp. 1996).  The culpable mental state which must have been possessed by the defendant at the time he committed the unlawful sexual penetration is intent, knowledge or recklessness.  T.C.A. § 39-11-301(c) (1991 Repl).  Thus, the factual allegations which must be set forth in an indictment charging rape of a child are that the defendant committed unlawful sexual penetration with intent, knowledge or recklessness.

As noted by the majority, the term "sexual penetration" is legislatively defined as including "any . . . intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body . . . "  T.C.A. § 39-13-501(7) (1991 Repl).  Unlike the term "sexual contact," T.C.A. § 39-13-501(6), the definition of sexual penetration contains no requirement that the intrusion be intentional.  Nor does it require that the penetration be for the purpose of sexual arousal or gratification as does the definition of sexual contact.  Id.  Thus, as further noted by the majority, the definition of sexual penetration does not include any description of the necessary mens rea.  Indeed, one panel of this Court has previously held, "a reference to sexual penetration, as statutorily defined, does not imply the mens rea."  State v. Milton S. Jones, Jr, No. 02C01-9503-CR-00061, Shelby County (Tenn. Crim. App. filed Mar. 7, 1997, at Jackson).  Rather, the definition of sexual penetration is aimed at describing particular acts, and is broad enough to include completely accidental and totally innocent intrusions:  for instance, a mother bathing her infant may find one of her fingers accidentally intruding into the baby's anal opening as she lifts him from the bathwater.  Such an intrusion, "however slight," would meet the

2

statutory definition of sexual penetration. The definition also includes intentional intrusions that are clearly lawful. For example, a nurse taking a child's temperature rectally would satisfy the statutory definition of sexual penetration. While there is no question that our legislature did not intend these acts to constitute rape of a child, the plain meaning of the defining statute does encompass them within the rubric of "sexual penetration."

How, then, are we to distinguish between innocent and criminal acts of sexual penetration? The child rape statute proscribes "unlawful" sexual penetration. T.C.A. § 39-13-522(a) (Supp. 1996). Clearly, then, our legislature intended this word to differentiate between child molestation and, for instance, legitimate medical treatment. The differentiation is not based, however, on the defendant's mental state: as seen in the examples above, sexual penetration can occur intentionally, knowingly or recklessly and still be perfectly innocent. Thus, construing the term "unlawful" to imply the requisite state of mind held by the defendant does nothing to distinguish innocent from criminal activity.

I suggest the term "unlawful" should be construed to mean "without consent." Cf. State v. Jones, 889 S.W.2d 225, 227 (Tenn. Crim. App. 1994) ("the term ‹unlawful' may generally refer to non-consensual acts"). That is, the crime of rape of a child is committed when the defendant, acting intentionally, knowingly or recklessly, sexually penetrates the child without consent. This meaning would differentiate between innocent and unlawful activity. Because children under the age of thirteen should be conclusively presumed incapable of giving consent to any sexual activity, the actions of

3

a defendant engaging in sexual intercourse with a child would clearly be unlawful.[1] In the temperature-taking scenario, however, the activity would not be unlawful because the child's parent would have consented to the innocent penetration on behalf of the child.[2] This interpretation of the word "unlawful" is bolstered by an examination of the crime of statutory rape: the word "unlawful" is not used.[3] I suggest that it is not used because statutory rape is committed with the child's consent.[4] Thus, the issue of consent -- but not the defendant's <u>mens</u> <u>rea</u> -- is removed from the elements of the crime by deletion of the term "unlawful."

Thus, the term "unlawful" is insufficient to imply the defendant's <u>mens</u> <u>rea</u>. Rather, it describes the victim's state of mind: unwilling or incapable of consenting. And, as set forth above, the term "sexual penetration" is also insufficient to imply the defendant's <u>mens</u> <u>rea</u>. Accordingly, the charge of "unlawful sexual penetration" is sufficient only to allege a nonconsensual intrusion by the defendant into the victim's genital or anal openings (or vice versa). It is not sufficient to allege that the intrusion was made intentionally, knowingly, or recklessly. Therefore, the only sound implication of the factual allegations in the indictment <u>sub judice</u> is that these acts were performed without the victim's consent. A cursory -- or even a thorough -- reading of the indictment implies nothing about the defendant's state of mind at the time he committed the acts. Because the defendant's <u>mens</u> <u>rea</u> is an essential element of the offense of rape of a child, it must

---

[1]Another avenue for addressing the consent issue with respect to children under the age of thirteen is to make the defense of consent unavailable where the offense involves such minors. <u>See, e.g.</u>, <u>State v. Jones</u>, 889 S.W.2d 225, 227 (Tenn. Crim. App. 1994) ("consent is never a defense to a sex offense when the victim is less than thirteen years of age.")

[2]I would further adopt, if necessary, a conclusive presumption that parents cannot consent on behalf of their children to, for instance, sexual intercourse.

[3]"Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." T.C.A. § 39-13-506(a) (Supp. 1996).

[4]Victims of statutory rape must be at least thirteen. T.C.A. § 39-13-506(a)(Supp. 1996).

be alleged in the indictment.  It has not been alleged in the indictment <u>sub judice</u>. Accordingly, I would hold the indictment in the instant case constitutionally inadequate insofar as it attempts to charge the defendant with rape of a child.

In all other respects, I concur with the majority's opinion.

_____
JOHN H. PEAY, Judge