IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

December 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9809-CC-00332 |
| Appellee, | ) | |
| | ) | Cocke County |
| v. | ) | |
| | ) | Honorable Ben W. Hooper, II, Judge |
| LONNIE STEPHEN DUNN, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

THOMAS V. TESTERMAN
301 East Broadway
Newport, TN 37821

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

AL C. SCHMUTZER, JR.
District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN 37862

WILLIAM (BROWNLOW) MARSH, II
Assistant District Attorney General
339-A East Main Street
Newport, TN 37821

OPINION FILED: _____

AFFIRMED AS MODIFIED

ALAN E. GLENN, JUDGE

# O P I N I O N

The Cocke County grand jury indicted the defendant, Lonnie Stephen Dunn, on three counts of statutory rape pursuant to Tenn. Code Ann. § 39-13-506 (1997). On September 12, 1997, the defendant pleaded guilty to all three counts. After a sentencing hearing, the trial court sentenced the defendant to two years on each of the three counts with the sentences on counts one and two to be served concurrently and that on count three to be served consecutively. The trial court ordered the defendant to serve one year in the county jail, followed by three years of probation. The defendant timely appealed, arguing the trial court's sentence was excessive. Based on our review of this matter, we affirm the sentence of two years in each count, but modify the judgment of the trial court to reflect that all sentences will be served concurrently. Additionally, we modify the term of split confinement to six months.

## FACTS

The victim in this case was a 14-year-old girl with whom the 48-year-old defendant established a relationship in December 1993. The defendant was a disc jockey at a radio station where the victim called to make song requests. The defendant and the victim met and became friends. In October 1994, the defendant and the victim had sexual intercourse followed by two additional instances of sexual intercourse. The victim became pregnant with the defendant's child in May 1995. The child was born February 17, 1996.

## I. LENGTH AND CONDITIONS OF SENTENCE

When an appeal challenges the length, range, or manner of service of a sentence, this court conducts a *de novo* review with a presumption that the determination of the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely *de novo*. Id. In conducting a *de novo* review of a sentence, the

court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In the case *sub judice*, the trial court found the existence of at least five[1] enhancement factors listed in Tenn. Code Ann. § 40-35-114 (1997):

(3) The offense involved more than one (1) victim;

(4) A victim of the offense was particularly vulnerable because of age or physical or mental disability, including, but not limited to, a situation where the defendant delivered or sold a controlled substance to a minor within one thousand feet (1,000 ft.) of a public playground, public swimming pool, youth center, video arcade, low income housing project, or church;

(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;

(15) The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense; and

(17) The defendant committed the offense while on school property.

The State concedes the trial court improperly applied factors (3) and (7), but argues

---

[1] The State also argues the trial court properly applied enhancement factor (6), "The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great." Tenn. Code Ann. § 40-35-114 (6) (1997). While this factor was not discussed by number by the trial court, making it unclear whether it was applied, based upon our *de novo* review, we have applied this enhancement factor.

the trial court did not consider factors (4) and (17). Finally, the State argues the trial court correctly applied factor (15). Although the trial court discussed the application of all five factors, the record does not reflect upon which factors the trial court ultimately based its decision. For this reason, we will review the application of each factor *de novo*.

The defendant argues, and the State concedes, that enhancement factor (3) cannot be applied. The trial court stated that the child produced by the victim and the defendant could probably be considered a victim for purposes of enhancement. The Tennessee Supreme Court has held the term "victim" as used in the statue "is limited in scope to a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime. Moreover, giving the term a generic meaning would deprecate this factor and render it meaningless." State v. Raines, 882 S.W.2d 376, 384 (Tenn. 1994). Although the child may suffer because of the circumstances of its birth, the child may not be considered a victim of the defendant's crime for enhancement purposes.

Enhancement factor (4) was discussed but not applied by the trial court. Again, the defense argues, and the State concedes, that this factor would not have applied. Factor (4) can be applied in a statutory rape case if the State shows the victim was suffering from something other than age alone that caused her to be "particularly vulnerable" to the crime. State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). Enhancement under this factor "relates more to the natural physical and mental limitations of the victim than merely the victim's age." Adams, 864 S.W.2d at 35. "Particularly vulnerable" in this context means incapable of resisting, summoning help, or testifying against the perpetrator. Id. The State bears the burden of proving the victim's limitations rendering him or her particularly vulnerable. As the State concedes, nothing in the record indicates the victim was particularly vulnerable in comparison to others her age.

Based upon our review, we conclude that enhancement factor (7) was properly applied by the trial court. The circumstances of the crime, including the age difference between the defendant and the victim, his continued contacts with her, and

4

correspondence to her, support the application of this factor. However, it is not entitled to great weight.

Enhancement factor (15) was improperly applied. Application of this factor requires a finding, first, that the defendant occupied a position of trust, either public or private. The positions of "parent, stepparent, babysitter, teacher, coach are but a few obvious examples." Kissinger, 922 S.W.2d at 488. In this case, the trial court found the defendant occupied a position of public trust as a radio disc jockey. The existence of a position of trust does not depend on the length or formality of the relationship, but instead depends upon the nature of the relationship. Id. "Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. If the evidence supports that finding, then the court must determine whether the position occupied was abused by the commission of the offense." Id. Although the defendant and the victim met through the defendant's job as a disc jockey, the record does not indicate that the defendant used his position to commit the offenses in question or whether the position, in fact, could be utilized in that fashion. Absent such a finding, enhancement factor (15) cannot be applied.

Although the trial court stated that it could "probably be said" that enhancement factor (17) applied, the court said that it was not going to "rely particularly" upon this factor. The State concedes that it would have been erroneous for the trial court to apply this factor. The victim testified she and the defendant first engaged in sexual intercourse at the defendant's home. The record does not indicate where the other two instances occurred. Nothing in the record indicates any of the three offenses occurred on school property. Therefore, this factor was not applicable.

Having reviewed the record *de novo*, we hold that none of the five enhancement factors discussed by the trial court were applicable. However, using our power of *de novo* review, we hold that the record does support the application of enhancement factor (6): "The personal injuries inflicted upon or the amount of damage to property sustained by or

5

taken from the victim was particularly great." Tenn. Code Ann. § 40-35-114 (6) (1997). It is undisputed that the victim became pregnant and gave birth to a child as a result of the sexual relations between herself and the defendant. This court has held "an unwanted pregnancy . . . does . . . come within the definition of personal injury." State v. Smith, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995) (quoting State v. Jones, 889 S.W.2d 225, 231 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994)). The victim testified she and the defendant discussed having children when she reached 18 years of age, but the pregnancy that resulted in the birth of their child was unwanted. Therefore, we hold that factor (6) is appropriate for enhancement purposes.

However, in our *de novo* review of the sentences, we hold that the that the trial court erred in ordering that two of the sentences be served consecutively. None of the required criteria are present for the sentences to be served consecutively. Tenn. Code Ann. § 40-35-115 (1997). Thus, we modify the judgment of the trial court to reflect that the sentences be served concurrently. Additionally, we hold that although the lengths of the defendant's sentences were proper, the defendant cannot be made to serve one year of actual confinement, followed by three years of probation, as ordered by the trial court. Although a defendant receiving split confinement ordinarily may be made to serve up to one year in the local jail, followed by probation, Tenn. Code Ann. § 40-35-306(a), inmates such as this defendant, with felony sentences of two years or less "shall have the remainder of their original sentence suspended upon reaching their release eligibility date," Tenn. Code Ann. § 40-35-501(a)(3), unless the district attorney general files a petition requesting denial of the suspension of the sentence based upon, *inter alia*, disciplinary infraction occurring while the defendant was incarcerated. Tenn. Code Ann. § 40-35-501(a)(6). Applying these statutes, this court has ruled that the period which a defendant is ordered to serve in split confinement cannot exceed what would otherwise be the release eligibility date. State v. Glynnon Bradshaw, No. 01C01-9810-CR-00439, Wilson County, 1999 WL 737871, at *2 (Tenn. Crim. App., Knoxville, Sept. 22, 1999). Since the release eligibility date for a Range I standard offender is 7.2 months, minus sentence credits, this defendant

6

cannot be ordered to serve one year of a two-year sentence, because such a sentence would exceed his release eligibility date. Thus, as did the court in Bradshaw, we set the length of split confinement at six months.

The defendant has also assigned, as error, the fact that the trial court did not utilize alternative sentencing in this matter. However, since the defendant was convicted of statutory rape, a crime against the person, he was not eligible for placement in a community corrections program. Tenn. Code Ann. §§ 40-36-106(a)(2), 39-13-506.

The defendant has argued, as well, that he should have been granted probation for his entire sentence, rather than having split confinement imposed. The burden was on the defendant to establish that he was a suitable candidate for probation. Tenn. Code. Ann. § 40-35-303(b). To meet this burden, he must show that probation will "subserve the ends of justice and the best interest of both the public and the defendant." State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App.), perm. app. denied (Tenn. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). According to Bingham, the sentencing court should utilize the following considerations in assessing a defendant's suitability for probation:

> (1) "the nature and [circumstances] of the criminal conduct involved," Tenn. Code Ann. § 40-35-210(b)(4) (1990 Repl.);
>
> (2) the defendant's potential or lack of potential for rehabilitation, including the risk that during the period of probation the defendant will commit another crime, Tenn. Code Ann. § 40-35-103(5) (1990 Repl.);
>
> (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B) (1990 Repl.); and
>
> (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B) (1990 Repl.).

910 S.W.2d at 456.

The trial court may deny probation when the circumstances of the offense are "of such a nature to outweigh all other factors which might favor probation." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the case of this defendant, in addition to the approximate thirty-four-year age difference between the defendant and the victim, he persisted in having contact with the victim, sending cards and letters to her. These contacts with the victim continued even after the defendant was charged with three counts of statutory rape. In view of this, we conclude that the defendant has failed to carry his burden of showing that he is entitled to total probation, and affirm, as modified, the trial court's ordering that a portion of his sentence be served in confinement.

## CONCLUSION

We affirm the trial court's sentencing the defendant to two years in each count, but modify the judgment of the trial court to reflect that the sentences be served concurrently and that the period of actual confinement be six months. This matter is remanded to the trial court for entry of a judgment in accord with this opinion.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE