# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JAMES E. SWIGGETT v. HOWARD CARLTON, WARDEN and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4153    Robert E. Cupp, Judge**

---

**No. E2003-02212-CCA-R3-PC**
**February 10, 2004**

---

The Petitioner, James E. Swiggett, appeals the trial court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has not established that the trial court was without jurisdiction to convict or sentence him or that his sentence has expired. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

James E. Swiggett, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On January 27, 1992, the petitioner was convicted by a Greene County jury of first degree murder and sentenced to life imprisonment. On March 12, 2003, the petitioner filed a pro se petition for writ of habeas corpus in the Circuit Court for Johnson County. He alleged that the Criminal Sentencing Reform Act of 1989, under which he was convicted and sentenced, is unconstitutional under Article II, Section 17 of the Tennessee Constitution because it embraces "more than one subject, not reflected in the title." The petitioner moved the trial court to declare the Act unconstitutional, "nullify his sentence and judgment," and remand the cause to the Criminal Court for Greene County for further proceedings. The trial court found that the issue raised was without merit and dismissed the petition. In its order, the court quoted a portion of the state's motion to dismiss as setting forth the correct interpretation of the applicable law:

The Tennessee Criminal Sentencing Reform Act of 1989 was enacted by the General Assembly within Section 6 of Chapter 591 of the Public Acts of 1989, and it was codified as Tenn. Code Ann. Sect. 40-35-101, et seq., long before the petitioner's conviction and sentencing in 1992. "If any defect in the caption existed, it was cured by this codification." State v. Wyrick, 62 S.W. 3d 751, 790 (Tenn.Crim.App. 2001)(holding that the defendant's sentencing as a repeat violent offender did not violate Article II, Section 17).

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W. 2d 855, 857 (Tenn.Crim.App. 1998); Tenn. Code Ann. §29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W. 2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

"No bill shall become law which embraces more than one subject, that subject to be expressed in the title." Tenn. Const. art. II, § 17. "The purpose of this constitutional provision is to prevent "'omnibus bills' and bills containing hidden provisions of which legislators and other interested persons might not have appropriate or fair notice." State v. Wyrick, 62 S.W. 3d 751, 790 (Tenn.Crim.App. 2001)(quoting State ex rel. Blanton v. Durham, 526 S.W.2d 109, 111 (Tenn. 1975)). "Moreover, the law is well established that codification of a legislative enactment cures all defects in the caption of the bill." State v. Jones, 889 S.W. 2d 225, 228 (Tenn.Crim.App. 1994)(citing Harmon v. Angus R. Jessup Associates, Inc., 619 S.W.2d 522, 523 (Tenn. 1981)). "The defects are cured from the effective date of the Codification Act forward." Jones , 889 S.W. 2d at 228 (citing Keaton v. State, 212 Tenn. 690, 693, 372 S.W.2d 163, 164 (1963)). In this case, any defect in the caption was thus cured by the codification of Chapter 591 of the Public Acts of 1989 effective March 19, 1990. As a result, the act as codified in Tennessee Code Annotated Section 40-35-101, et seq., is not unconstitutional as violating the "caption clause"and the petitioner's 1992 judgment is not void. Finally, the petitioner seeks remand of his case to the court of conviction for further proceedings. The sole relief available under Tennessee's habeas corpus statute, however, is discharge from custody. Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn.Crim.App. 1995).

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE