IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 7, 2020

**STATE OF TENNESSEE v. PAUL KOLB**

**Appeal from the Criminal Court for Shelby County**
No. 10-07684       **Jennifer Johnson Mitchell, Judge**

_____

**No. W2019-01075-CCA-R3-CD**

_____

Paul Kolb, Movant, pled guilty on November 18, 2011, to rape of a child, rape, incest, and aggravated sexual battery. Pursuant to a plea agreement, the trial court imposed an effective sentence of twenty-five years at one hundred percent service. On April 10, 2018, Movant filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct what he claimed was an illegal sentence in Count 1, rape of a child. The trial court determined the sentence was not illegal and dismissed the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Paul Kolb, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Brooks Yelverton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

On December 7, 2010, the Shelby County Grand Jury indicted Movant for the following: rape of a child with an offense date between August 11, 2002, and August 10, 2007 (Count 1); rape with an offense date between August 11, 2002, and March 31, 2010 (Count 2); incest with an offense date between August 11, 2002, and August 10, 2007

(Count 3); and aggravated sexual battery with an offense date between August 11, 2002, and March 31, 2010 (Count 4). The indictment for Count 1 stated:

> [Movant] between August 11, 2002[,] and August 10, 2007[,] in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and intentionally sexually penetrate [the victim], a person more than three (3) years of age but less than thirteen (13) years of age, in violation of T[ennessee] C[ode] A[nnotated section] 39-13-522, against the peace and dignity of the State of Tennessee.

On November 18, 2011, Movant pled guilty to the four charged offenses. During the plea colloquy, the State provided the following factual basis for the plea:

> [On] March 24, 2010, the victim in this case . . . came to the police and said that she'd been sexually assaulted by [Movant]. She said that [Movant] began molesting her at the age of [seven] until March of 2010, [at] which time she was [fourteen] years old.
>
> This went on -- began when she was [seven] with touching for the aggravated sexual battery *up to the age of [nine], which she was made to perform oral sex, rape of a child.* Then upon turning [fourteen,] he took her virginity against her will. Judge, this went on for some time. I believe there was also a web[]cam involved. That portions, parts of this were disseminated over the internet. An edition of when she was made to perform over the internet as well.

(emphasis added).

Counsel for Movant stipulated to the facts recited by the State, and Movant testified that those facts were true.

Pursuant to the plea agreement, the trial court sentenced Defendant to twenty-five years for rape of a child, eight years for rape, three years for incest, and eight years for aggravated sexual battery. The release eligibility for incest was thirty percent, and the release eligibility for the other three offenses was one hundred percent. The court ordered the sentences to run concurrently, resulting in an effective sentence of twenty-five years with release eligibility after service of one hundred percent. Judgments of conviction were entered on November 18, 2011. The judgment sheets for Count 1 showed Movant was convicted of rape of a child "8/11/02 – 8/10/07."

- 2 -

*Rule 36.1 Motion*

On April 10, 2018, Movant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 "for the correction of the 'fatal error' illegal sentence, resulting in the illegal confinement and conviction." Because the Rule 36.1 motion only raises a claim concerning the unexpired sentence for rape of a child, we will limit the opinion to a review of that sentence.

On August 16, 2018, the trial court entered an order appointing counsel to represent Movant. The trial court found that Movant was indigent but made no finding as to whether the Rule 36.1 motion stated "a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3).

Appointed counsel then filed a "trial brief," stating that his "understanding of the law [led him] to the conclusion that this [mot]ion [was] frivolous, without merit[,] and fail[ed] to raise a colorable claim." On March 29, 2019, the trial court entered an order allowing counsel to withdraw.

Based on the limited record on appeal, it is impossible to determine what occurred next. What we do know is that the trial court had two ex parte settings on May 17 and May 19, 2019. The State, but not Movant, was present during both settings. After Movant moved to supplement the record on appeal, this court ordered the transcripts of the two settings to be prepared and filed. The record on appeal now includes a transcript from both "settings."

At the conclusion of the May 20, 2019 setting, the trial court announced:

I'm going to rule that the sentence is not illegal, that the guilty plea colloquy is very clear, although the necessary pages were conveniently left out of the transcript that was provided to the [c]ourt, but that [Movant] understood and it was explained to him by [the trial judge] that this sentence was to be served at [one hundred] percent, even though it occurred before and after the date of the law change.

On May 20, 2019, the trial court entered a written order denying Movant's Rule 36.1 motion. Movant timely appealed.

**Analysis**

Movant argues on appeal that he is entitled to relief for three reasons: (1) he was indicted under the amended version of Tennessee Code Annotated section 39-13-522 that

was not in effect when he raped the victim, therefore his sentence was illegal; (2) the trial court did not adequately ensure his plea was knowing and voluntary; and (3) the trial court circumvented procedural rules when it denied his motion to correct illegal sentence. The State argues that Movant's sentence was legal and that the motion failed to state a colorable claim. We agree with the State.

### *Standard of Review*

Whether Movant's Tennessee Rule of Criminal Procedure 36.1 motion states a colorable claim for the correction of an illegal sentence is a question of law, which this court reviews de novo. *Wooden*, 478 S.W.3d at 589. A colorable claim is "a claim that, if taken as true and viewed in the light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593.

### *Rule 36.1*

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part:

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b)(1) Notice of any motion filed pursuant to this rule shall promptly be provided to the adverse party. The adverse party shall have thirty days within which to file a written response to the motion.

(2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

(3) If the motion states a colorable claim that the unexpired sentence is illegal, the court shall determine if a hearing is necessary. If the court, based on its review of the pleadings and, if necessary, the underlying record, determines that the motion can be ruled upon without a hearing, it may do so in compliance with subdivision (c) of this rule. If the court determines that a hearing is necessary, and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant. The court then shall promptly hold a hearing on the motion.

(c)(1) With or without a hearing, if the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement.

> (A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

> (C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component

of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

. . . .

(e) An order granting or denying a motion filed under this rule shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion.

Tenn. R. Crim. P. 36.1(a)-(c), (e) (2019).

Rule 36.1 was adopted with the express purpose "to provide a mechanism for the defendant or the State to seek to correct an *illegal sentence*." Tenn. R. Crim. P. 36.1 Advisory Comm'n Cmt. (emphasis added). For the purposes of Rule 36.1, the issue in this case is whether the twenty-five-year sentence to be served at one hundred percent was an illegal sentence. An illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see also Wooden*, 478 S.W.3d at 594.

### *Rape of a Child, Tennessee Code Annotated section 39-13-522*

The indictment charging Movant with rape of a child incorporated the language from the amendment of Tennessee Code Annotated section 39-13-522(a) that became effective on July 1, 2006. Movant claims that the factual basis established that he committed the offense of rape of a child in 2004 when the child was nine years old which was almost two years before the amendment of Tennessee Code Annotated section 39-13-522(a) was effective. Movant claims that this makes his sentence for rape of a child illegal.

Before 1992, "rape of a child" was not an offense under Tennessee law, however, the fact that the victim was "less than thirteen years of age" was a "circumstance" that could increase an offense that would otherwise be rape to Class A felony aggravated rape. Tenn. Code Ann. § 39-13-502(a) (1989). *See State v. Jones*, 889 S.W.2d 225, 226 (Tenn. Crim. App. 1994).

- 6 -

In 1992, the general assembly amended Tennessee Code Annotated, Title 39, "relative to the punishment for certain criminal offenses and the incarceration of certain criminal offenders[.]" 1992 Tennessee Laws Pub. Ch. 878 (S.B. 2762). Public Chapter 878 created the new offense of rape of a child which was codified as Tennessee Code Annotated section 39-13-522 and provided:

(a) Rape of a child is the unlawful sexual penetration of a victim by the defendant *or the defendant by a victim, if such victim is less than thirteen (13) years of age.*
(b) Rape of a child is a Class A felony.

Public Chapter 878 also created a new statute, Tennessee Code Annotated section 39-13-523, which as pertinent to this case, defined a "child rapist" [to] mean[] a person convicted one (1) or more times of rape of a child as defined by Tennessee Code Annotated, section 39-13-522 and required a child rapist to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn.

The statutory elements necessary to constitute rape of a child and the felony class for the offense remained unchanged from July 1, 1992, through June 30, 2006. Effective July 1, 2006, the general assembly created a new offense, aggravated rape of a child for "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is three (3) years of age or less." Tenn. Code Ann. § 39-13-531 (2006). Aggravated rape of a child is a Class A felony that until 2019 required a defendant to be sentenced within Range III. Tenn. Code Ann. § 39-13-531 (2006). Effective July 1, 2019, a defendant that is found guilty of aggravated rape of a child must be sentenced to imprisonment for life without the possibility of parole. Tenn. Code Ann. § 39-13-531 (2019).

With the enactment of the offense of aggravated rape of a child, it was necessary for the general assembly to simultaneously amend Tennessee Code Annotated section 39-13-522(a) to provide a minimum age for rape of a child so that the age range for rape of a child and the age range for aggravated rape of a child did not overlap. Effective July 1, 2006, Tennessee Code Annotated section 39-13-522 provided:

(a) Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is *more than three (3) years of age but less than thirteen (13) years of age.*

(b) Rape of a child is a Class A felony.

Tenn. Code Ann. § 39-13-522 (2006) (emphasis added).

The indictment charging Movant with rape of a child incorporated the language of Tennessee Code Annotated section 39-13-522(a) that became effective July 1, 2006. To the extent that Movant is arguing that the indictment was somehow defective, that claim, even "if taken as true and viewed in the light most favorable to [Movant]" under Rule 36.1," would relate to the conviction of rape of a child and not to the sentence. The claim is not cognizable under Rule 36.1. *State v. Michael Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019); *State v. Carl Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991 at *2 (Tenn. Crim. App. Mar. 22, 2017) (stating that Rule 36.1 is not a proper vehicle for defective indictment challenges).

### *Sentencing Range for Rape of a Child*

The judgment of conviction for Count 1, rape of a child, classified Movant as a Range I standard offender. Tennessee Code Annotated section 40-35-112(a)(1), which provided the sentencing range for criminal offenses, provided that the sentencing range for a Range I offender convicted of a Class A felony is not less than fifteen (15) nor more than twenty-five (25) years.

During the entire time period encompassed by the indictment in Count 1, the victim was more than three (3) years of age but less than thirteen (13) years of age, and rape of a child was a Class A felony. Movant's within-range, twenty-five-year sentence for Class A felony rape of a child was "authorized by the applicable statutes" and did not "directly contravene[] an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see also Wooden*, 478 S.W.3d at 594.

### *Release Eligibility for Rape of a Child Sentence*

Also, during the entire time encompassed by the indictment in Count 1, the release eligibility for a defendant convicted of rape of a child was governed by Tennessee Code Annotated section 40-35-501(i), read in concert with Tennessee Code Annotated section 40-35-523. After amendment in 1995, Tennessee Code Annotated section 40-35-501(i) required defendants convicted of rape of a child to serve one hundred percent of the sentence and Tennessee Code Annotated section 39-13-523 required child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

Thus, the provision of the judgment sentencing Movant to serve his twenty-five-year sentence at one hundred percent was "authorized by the applicable statutes" and did not "directly contravene[] an applicable statute." *Wooden,* 478 S.W.3d at 594.

## Knowing and Voluntary Plea

Movant claims that the trial court did not adequately ensure that his plea was knowing and voluntary. This claim amounts to a challenge of the constitutionality of his conviction and is "not cognizable in a [R]ule 36.1 motion." *State v. Walter Andrew Ware,* No. W2017-01350-CCA-R3-CD, 2018 WL 1778609, at * 2 (Tenn. Crim. App. Apr. 13, 2018); *see also State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *4 (Tenn. Crim. App. May 7, 2015) (explaining that Rule 36.1 does not apply to constitutional challenges); *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (noting that Rule 36.1 "does not provide an avenue for seeking reversal of *convictions*"), *perm. app. denied* (Tenn. Nov. 19, 2014).

## Trial Court's Procedure in Addressing a Rule 36.1 Motion

Movant claims that "the trial court circumvented procedural rules when it denied his motion to correct [an] illegal sentence." We agree that the trial court did not follow the procedure outlined in Rule 36.1(b)(1) which required notice of the motion to be promptly provided to the State and requires the State to file a written response to the motion within thirty days. At the May 17, 2019 ex parte setting, the State asked the court if it "wants to know what I'm going to argue, but [] haven't written it yet." "I was trying to [write] it this morning." The trial court instructed the State to tell the court what it had found about the guilty plea submission hearing. The trial court should have allowed the State to file their response, even if not timely, rather than requiring the State to orally state their position. Ultimately, the trial court's failure to follow the procedure outlined in Rule 36.1(b) did not harm Movant, because as the court correctly ruled, the motion failed to state a colorable claim.

Whether these settings were intended to be status conferences or evidentiary hearings, the trial court should not have conducted ex parte hearings during the pendency of the Rule 36.1 motion. However, based on our review, it is evident that the trial court, with the aid of the State, was trying to determine from the transcript of the guilty plea submission hearing if Movant's guilty plea was knowingly and voluntarily entered. That determination might have been relevant if Movant had filed a petition for post-conviction relief rather than a Rule 36.1 motion. The trial court should have been trying to determine if the twenty-five-year sentence to be served at one hundred percent for a Class A felony rape of a child conviction was an illegal sentence, i.e. a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see also State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015).

**Conclusion**

Following a de novo review of the entire record, we determine as a matter of law that Movant's twenty-five-year sentence with release eligibility after service of one hundred percent is not an illegal sentence and that Movant's Rule 36.1 motion fails to state a colorable claim for relief. The trial court's dismissal of the motion is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE