**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JANUARY SESSION, 1997**

FILED

April 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9609-CC-00297** |
| | ) | |
| Appellee, | ) | |
| | ) | **FAYETTE COUNTY** |
| **V.** | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **TERRY LOGAN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(SECOND DEGREE MURDER)** |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF FAYETTE COUNTY

FOR THE APPELLANT:

**TIMOTHY JOEL WILLIAMS**
Attorney at Law
147 Jefferson Avenue, Suite 909
Memphis, TN 38103

FOR THE APPELLEE:

**CHARLES W. BURSON**
Attorney General & Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**ELIZABETH RICE**
District Attorney General

**CHRISTOPHER MARSHBURN**
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant, Terry Logan, pled guilty as charged in the Circuit Court of Fayette County to the offense of second degree murder of the victim, Michael Hood. Following a sentencing hearing, the trial court sentenced the Appellant to serve the presumptive sentence of twenty (20) years in the Department of Corrections as a Range I Standard Offender. On appeal, the Appellant submits that the sentence is excessive. He argues three issues in his appeal: (1) That an enhancement factor applied by the trial court does not apply to his case; (2) that certain mitigating factors were not applied by the trial court; and (3) that the presumption of correctness normally afforded to sentencing by the trial court should not be applied in this case. Finding no error, we affirm the judgment of the trial court.

In the early morning hours of October 21, 1995, the Appellant was drinking beer in his house along with the victim, Susan Bond, and Appellant's roommate, Johnny Logan. Logan and Appellant became involved in an argument over the rent and utility bills. During this argument, the victim got into a fist-fight with the Appellant. After the altercation ended, the Appellant went into his bedroom and retrieved a wooden baseball bat. Appellant returned to the dining room, where the victim was located, and struck the victim in the head area with the baseball bat several times, leaving the victim unconscious on the floor. As the victim lay on the floor unconscious, Appellant stood over the victim and delivered another blow to the victim's head with the baseball bat. The victim was transported to a hospital and died the following day.

Appellant told a deputy sheriff who arrived at the scene that "[the victim] hit me in my own house and I beat his ass with a bat." At the sentencing hearing, the Appellant admitted that he told the deputy that if Appellant had been in possession of a firearm, he would have shot the victim.

As an enhancement factor, the trial court found that the Appellant allowed the victim to be treated with exceptional cruelty during the commission of the offense. Tenn. Code Ann. § 40-35-114(5). The trial court found two (2) mitigating factors, that the Appellant acted under strong provocation and that he had admitted his guilt.

I.

In his first issue, Appellant submits that the presumption of correctness normally afforded to a sentence imposed by the trial court must fail in this case "due to lack of specificity in the record."

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a <u>de novo</u> review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, and -210; <u>see</u> <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result.  <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The Appellant complains that the trial court failed to follow proper sentencing procedures by failing to make specific findings of fact in the record. The comments of the trial court at the conclusion of the sentencing hearing are as follows:

> THE COURT:     Mr. Logan, will you stand, please, sir.
>
> Upon entering a plea of guilty to Murder in the Second Degree, the Court finds that you allowed the victim to be treated with exceptional cruelty, but you acted under strong provocation as a mitigating offender, and sentences you to the presumptive sentence of 20 years in the Department of Corrections, as a Standard

Offender, to serve 30 percent before you'll be eligible for release classification.

You'll be given credit for 186 days while in jail awaiting trial.

Thank you.

The sentencing order entered by the trial court insofar as it addresses enhancing and mitigating factors states as follows:

"And it appearing to the Court that there is an enhancement factor that the defendant allowed a victim to be treated with extreme cruelty, and the Court finds the mitigating factors that the defendant acted under strong provocation and he has admitted his guilt."

Tennessee Code Annotated Section 40-35-209(c) provides in part, "[T]he record of the sentencing hearing is part of the record of the case and shall include specific findings of fact upon which application of the sentencing principals was based." (Emphasis added).

As correctly noted by the Appellant, State v. Smith, 910 S.W.2d 457 (Tenn. Crim. App.) cert. denied, id. (Tenn. 1995) stands for the proposition that the findings by the trial court in a sentencing hearing must be recorded in order to allow adequate review on appeal. Smith, 910 S.W.2d at 460.

The presumption of correctness does not apply in this case. However, even though the trial court should have stated the specific findings of fact from the record to support application of the enhancement factors and mitigating factors found by the court, we do not find that the failure to do so requires a new sentencing hearing in this case or modification of the sentence.

This issue is without merit.

## II.

In his second issue, the Appellant argues that the enhancement factor relied upon by the trial court is an essential element of second degree murder and therefore, is not applicable in this case.

Second degree murder is the knowing killing of another. Tenn. Code Ann. § 39-13-210(a)(1). Appellant maintains on appeal that the "malice" that caused Appellant's crime to be second degree murder rather than voluntary manslaughter constitutes cruelty, and therefore this enhancement factor cannot be used. However, malice is no longer an element of second degree murder.

The record reflects that the Appellant struck the victim several times about his head with a wooden baseball bat until the victim fell to the floor unconscious. At that point, the Appellant then walked over to the victim and delivered another blow to the victim's head with the baseball bat. There is adequate evidence in the record to support use of the enhancement factor that the Appellant treated the victim with exceptional cruelty during the commission of the offense. In addition, as correctly pointed out by the State in its brief, the Appellant employed a deadly weapon, the baseball bat, during commission of the offense. Therefore, Tennessee Code Annotated Section 40-35-114(9) is an applicable enhancement factor. This court is allowed, in conducting its de novo review to consider any enhancement or mitigating factors supported by the

record, even if it was not relied upon by the trial court.  <u>State v. Adams</u>, 864 S.W.2d 31, 34 (Tenn. 1993); <u>Smith</u>, 910 S.W.2d at 460.

Appellant's second issue is without merit.

III.

Appellant's third issue is, "Whether any mitigating factors apply to your Appellant."  The trial court did find two (2) mitigating factors, that the Appellant acted under strong provocation and that the Appellant admitted his guilt.  In his appeal, the Appellant urges that the trial court should have considered the following additional mitigating factors: (1) That the Appellant assisted the authorities in locating or recovering any property or person involved in the crime; (2) that the Appellant committed the offense under such unusual circumstances that it is unlikely a sustained intent to violate the law motivated his conduct; and (3) that the Appellant, because of his youth, lacked substantial judgment in committing the offense.  Tenn. Code Ann. § 40-35-113(10),(11),& (16).

Appellant relies upon <u>State v. Shelton</u>, 854 S.W.2d 116 (Tenn. Crim. App. 1992), <u>perm</u>. <u>to</u> <u>appeal</u> <u>denied</u>, <u>id</u>. (Tenn. 1993), in support of his argument that the mitigating factor that Appellant lacked a sustained intent to violate the law should be applicable.  We have reviewed <u>State v. Shelton</u> and conclude that it is distinguishable from Appellant's case.  In <u>Shelton</u>, also a second degree murder case, the defendant killed his wife by use of a firearm.  This Court held that the mitigating factor contained in Tennessee Code Annotated Section 40-35-113(11) was applicable because the trial court did not find that the domestic difficulties

between the parties related to a sustained intent to violate the law which motivated the killing. Shelton, 854 S.W.2d at 123.

In Appellant's case, he was involved in an altercation with the victim, left the altercation and went into his bedroom and retrieved a wooden baseball bat. He returned and hit the victim several times about the head area, and struck the victim at least one more time on the head after he had fallen to the floor unconscious. When the first law enforcement officer arrived, the Appellant came out of the house and yelled at the officer "(the victim] hit me in my own house and I beat his ass with a bat." Appellant also admitted at the sentencing hearing that he told the officer that he would have shot the victim if he had had a gun. There is no error in the trial court not applying this mitigating factor.

Appellant urges that the trial court should have applied the mitigating factor that he assisted authorities in locating a person involved in a crime. Appellant called 911 following the incident. While we agree that this mitigating factor is applicable, we afford it very little weight.

Finally, the Appellant argues that the mitigating factor that he lacked substantial judgment in committing the offense because of his youth should have been applied by the trial court. The record reflects that the Appellant was one month shy of his twenty-first birthday when he committed the offense. There is simply nothing in this record to indicate that this mitigating factor is applicable.

Although we find that the trial court should have applied the mitigating factor contained in Tennessee Code Annotated § 40-35-113(10), we

find that this mitigating factor should be afforded little weight and does not justify a modification of Appellant's sentence.

This issue is without merit.

In conclusion, we have found that the trial court properly applied one enhancement factor, and that an additional enhancement factor, use of a deadly weapon in commission of the offense, is applicable in this case. Furthermore, we find that the trial court properly applied two (2) mitigating factors, and failed to apply one (1) mitigating factor, though it is entitled to little weight. Appellant was convicted of a Class A felony, and the presumptive sentence, if there are no enhancement or mitigating factors is 20 years. If there are enhancement factors and mitigating factors, the court must start at the presumptive sentence in the range, enhance the sentence as appropriate for enhancement factors, and reduce the sentence as appropriate for mitigating factors.

After a thorough review of the record, we have determined that the twenty-year sentence imposed by the trial court is appropriate. The judgment of the trial court is therefore affirmed.

_____

THOMAS T. WOODALL, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
DAVID G. HAYES, Judge