# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1999 SESSION

FILED

March 14, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. M1999-00004-CCA-R3-CD |
| | ) | **C.C.A. NO. 01C01-9901-CR-00001** |
| Appellee, | ) | |
| | ) | **WILSON COUNTY** |
| VS. | ) | |
| | ) | **HON. JOHN D. WOOTTEN,** |
| JAMES MATTHEW LAWRENCE, | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**FRANK LANNOM**                         **PAUL G. SUMMERS**
**BRODY KANE**                           Attorney General & Reporter
102 E. Main St.
Lebanon, TN   37087                   **MARK E. DAVIDSON**
                                      Asst. Attorney General
                                      425 Fifth Ave., N.
                                      Nashville, TN  37243-0493


                                      **TOM P. THOMPSON**
                                      District Attorney General


                                      **ROBERT HIBBETT**
                                      Asst. District Attorney General
                                      119 College St.
                                      Lebanon, TN   37087

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Special Judge

# O P I N I O N

Defendant was transferred from juvenile to criminal court and indicted for attempted second-degree murder and two counts of aggravated assault, all arising from defendant having shot and injured a single victim. Defendant pled guilty to one count of aggravated assault, with no agreement as to his sentence.[1] After a hearing, the trial court sentenced defendant as a Range I standard offender to five years incarceration.[2] On this direct appeal, defendant contends that his sentence is too long and that the trial court erred in not granting him an alternative sentence. Upon our review of the record, we affirm the judgment below.

Defendant's conviction stems from an incident that occurred when he was seventeen years old. The evidence at the sentencing hearing established that defendant went to a party with a loaded gun. When the victim arrived, he and defendant began arguing. Defendant hit the victim and then shot the gun into the air. Defendant testified that he then tried to hit the victim again with the gun and the gun accidentally discharged. The victim was shot in the mouth. As a result, the victim's jaw was shattered and he lost seven teeth. Due to his injuries, the victim received five hundred stitches in his mouth; underwent three surgeries, including a bone graft; and required extensive dental work. In addition, at the time of the sentencing hearing, the victim still needed to have implants put in his mouth to replace the lost teeth.

Defendant first contends that his sentence is too long. Defendant was convicted of causing bodily injury to the victim by the use or display of a deadly weapon, a Class C felony. See T.C.A. § 39-13-102(a)(1)(B) & (d). As a Range I standard

---

[1]The other charges were nolled.

[2]Judge John D. Wootten conducted the sentencing hearing. For reasons not apparent from the record, Judge J. O. Bond signed the judgment.

2

offender, defendant was therefore subject to a sentence of three to six years. T.C.A. § 40-35-112(a)(3). The trial court applied as an enhancement factor that defendant had a previous history of criminal behavior in addition to that necessary to establish the appropriate range. See T.C.A. § 40-35-114(1). The trial court also found a single mitigating factor, that defendant, because of his youth, lacked substantial judgment in committing the offense. See T.C.A. § 40-35-113(6). In weighing these factors, the trial court found that "the enhancing factor of previous history outweighs [the mitigating factor] considerably, given the fact that [defendant] appeared in the juvenile courts of Wilson County on two separate occasions." Accordingly, the trial court sentenced defendant to a mid-range term of five years.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments.

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

3

T.C.A. § 40-35-210. In addition, this section provides that the minimum sentence within the range is the presumptive sentence for Class C felonies. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40-35-210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

Defendant does not challenge the applicability of enhancement factor (1). Rather, he argues that the trial court improperly weighed the enhancement factor. According to defendant, this enhancement factor does not considerably outweigh the fact that he was only seventeen at the time of the offense. However, the weight to be given to enhancement factors is within the discretion of the trial court. Shelton, 854 S.W.2d at 123. The presentence report indicates that defendant admitted the use of alcohol and marijuana and that he had two sustained charges in juvenile court for under-age possession of alcohol. In light of the foregoing, the trial court did not abuse its discretion in weighing this factor heavily.

Moreover, another enhancing factor, not applied by the trial court, is

4

applicable in the case at bar. We note that this Court is allowed, in conducting its de novo review, to consider any enhancing or mitigating factors supported by the record, even if not relied upon by the trial court. See State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993); State v. Smith, 910 S.W.2d 457, 460 (Tenn. Crim. App. 1995). As the State points out, the trial court failed to apply as an enhancement factor that the personal injuries inflicted upon the victim were particularly great. T.C.A. § 40-35-114(6). Since defendant pled guilty to aggravated assault by use or display of a deadly weapon, particularly great personal injuries suffered by the victim are not an essential element of the offense, and may therefore be considered to enhance defendant's sentence. See State v. Samuel Paul Fields, No. 01CO1-9512-CR-00414, Davidson County (Tenn. Crim. App. filed Feb. 26, 1998, at Nashville) (holding that this enhancement factor may be applied where the defendant is convicted of aggravated assault by use of a deadly weapon). The proof adduced at the sentencing hearing of the victim's personal injuries supports the application of this factor.

In light of the two applicable enhancement factors and only one mitigating factor, we find that the trial court's sentence of five years is appropriate. This issue is without merit.

Defendant also contends that the trial court erred in failing to grant him an alternative sentence, specifically probation or confinement in a local jail. We note, however, that the trial court ordered defendant to be held "locally," subject to transfer to the department of corrections if he became a "disciplinary problem."[3] Thus, we need not consider further defendant's contentions about this form of alternative sentence. With respect to probation, Tennessee Code Annotated Section 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be

---

[3]The judgment form does not reflect this portion of the trial court's ruling from the bench. The judgment should be amended to set forth accurately and completely the trial court's ruling.

incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are

6

sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

We agree with the trial court that defendant did not prove his suitability for probation in this case. As pointed out by the State in its brief, defendant's history of criminal behavior includes underage possession of alcohol; alcohol and drug use; and possession of a weapon. He had already been before the Juvenile Court on two occasions. Defendant has a "spotty" work history, and had dropped out of high school when he committed the offense. He stated at the sentencing hearing that he had quit high school because he was "living fast." His assault could have killed the victim. All of these factors overcame the presumption of an alternative sentence, and the trial court did not err in sentencing defendant to confinement.

The judgment of the trial court is affirmed.

_____
JOHN H. PEAY, Special Judge

CONCUR:

_____
GARY R. WADE, Presiding judge

_____
NORMA MCGEE OGLE, Judge

7