IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. DOLLIE R. LUCAS

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-50342     Don R. Ash, Judge**

_____

**No. M2001-02684-CCA-R3-CD - Filed February 24, 2003**

_____

The defendant contends the trial court erred in denying her judicial diversion and full probation following her guilty plea for identity theft, a Class D felony.  The trial court sentenced her to two years in split confinement, with ninety days to be served in weekend confinement, and the balance served on probation.  The trial court ordered the defendant to pay one thousand dollars ($1000) in restitution.  Because the trial court failed to place its findings on the record, we remand for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded for Resentencing**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Gerald L. Melton, District Public Defender, and Brion J. Payne, Assistant Public Defender, for the appellant, Dollie R. Lucas.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to one count of identity theft, a Class D felony.  The trial court sentenced the defendant as a Range I standard offender to two years, to be served in split confinement.  The trial court suspended all of the defendant's sentence except ninety days to be served in weekend confinements.  The trial court ordered the defendant to pay one thousand dollars ($1000) in restitution to the victim.   On appeal, the defendant raises the following issues for our review: (1) whether the trial court erroneously denied her petition for judicial diversion; and (2) whether the trial court erroneously refused to grant her full probation.

## I.  Factual Background

Despite being divorced from her ex-husband for ten years, the defendant used her ex-husband's name and social security number on September 13, 2000, to purchase a 2000 Mitsubishi Gallant, from her employer, Southeast Motors.  The defendant's ex-husband found out about her transaction and contacted the Murfreesboro Police Department.  Police investigators discovered the defendant financed and titled the car in her name and that of her ex-husband of ten years.  After discovering the defendant illegally used her ex-husband's identity, Southeast Motors recovered and, eventually, sold the vehicle.  Following her arrest on October 23, 2000, the defendant was indicted by a grand jury for theft of identity.

The defendant pled guilty in the Rutherford County Circuit Court to one count of theft of identity, a Class D felony.  At the sentencing hearing, the defendant confessed that she had used the identity of her ex-husband without his permission, but had done so at the suggestion of Mr. Krabousanos, finance manager at Southeast Motors.  The defendant testified that Krabousanos told her she could get her car loan approved without anyone's actual signature.  She stated that her ex-husband was in her office on the day the car loan was approved and that everyone involved in financing her car knew she was using her ex-husband's identity to purchase the car.  The defendant stated she is bi-polar and has sought treatment for her mental disorder.  She stated that she has lost several jobs due to her arrest, but has managed to pay money toward her ordered restitution.  The defendant expressed remorse for her crime and expressed a desire to make restitution to Southeast Motors.

Linda Wilson, office manager for Southeast Motors, testified the dealership knew nothing about the illegal transaction until the police arrived at the dealership to arrest the defendant.  She stated that Southeast Motors recovered and sold the vehicle, but suffered a loss of one thousand dollars ($1000) in an insurance deductible after purchasing the contract back from SunTrust Bank.  She stated the one thousand dollars ($1000)  that her company lost is separate from the loss claimed by the defendant's ex-husband.

In sentencing the defendant, the trial court noted that the defendant stole from Southeast Motors and derived a benefit from her theft.  The trial court found the defendant an appropriate candidate for split confinement and sentenced her to ninety days of weekend confinement. The trial court determined weekend confinement would enable the defendant to continue her education and maintain full-time employment. The defendant was ordered to continue to pay restitution during her two-year probation.

## II.  Analysis

**A.  Judicial Diversion**

The defendant claims that the trial court erred by denying her judicial diversion for her felony conviction of theft of identity. With respect to judicial diversion, Tennessee Code Annotated section 40-35-313(a)(1) (1997) provides:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to . . . a Class C, D, or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require, and for a period of time . . . not more than the period of the maximum sentence of the felony with which [she] is charged.

In reviewing a sentence involving judicial diversion, this Court will overturn the judgment of the trial court only if the trial court has abused its discretion. State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). If the record contains any substantial evidence to support the refusal to grant judicial diversion, this Court will uphold the judgment of the trial court. Id. citing State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983).

The defendant contends the trial court erred in not placing its reasons for denying judicial diversion on the record. The trial court must explain on the record why the defendant does not qualify under its analysis for diversion and, if the court has based its determination on only some of the factors, it must explain why these factors outweigh others. State v. Electroplating, Inc., 990 S.W. 2d 211, 229 (Tenn. Crim. App. 1998). To find an abuse of discretion, this Court must determine that no substantial evidence exists to support the ruling of the trial court. Bonestel, 871 S.W.2d at 168; State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The trial court must consider all of the following factors in determining whether to grant judicial diversion:
> (a) the accused's amenability to correction, b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice -- the interests of the public as well as the accused.

State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). Sufficient evidence may have existed within the presentence report to support the denial of judicial diversion; however, the trial court failed to state any reason for denying the defendant judicial diversion.

## B. Full Probation

The defendant contends the trial court erred in refusing to grant her full probation. This Court will presume the trial court's findings are correct if the record reflects the trial court properly considered the sentencing principles, facts, and circumstances surrounding the offense. Tenn. Code Ann. § 40-35-401(d) (1997); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case,

the trial court did not address full probation as a sentencing alternative. Therefore, we do not afford the trial court the presumption of correctness. Despite denying the trial court a presumption of correctness, the defendant bears the burden of demonstrating the impropriety of her sentence. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments.

In conducting a de novo review, this Court will consider the following factors: (1) the evidence, if any, received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) the evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in her own behalf; and (7) the potential for rehabilitation or treatment. Tenn Code Ann. § 40-35-102, -103, -210 (1997); see also Ashby, 823 S.W.2d at 168.

Because the defendant pled guilty to a Class D felony and was sentenced as a Range I standard offender, she is presumed to be a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(5), -(6) (1997). Once a defendant is entitled to a statutory presumption of alternative sentencing, the State bears the burden of overcoming the presumption. State v. Bingham, 910 S.W.2d 458, 455 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, if a defendant seeks full probation, the burden shifts in that she bears the burden of establishing her suitability for probation. Id.

The trial court failed to place his reasoning on the record for denying full probation or judicial diversion and only stated the defendant derived a benefit from purchasing a car using someone else's identity. The defendant asserted she was remorseful, had no previous criminal record, was of advancing age, and was attending college in an effort to establish her suitability for full probation. Implicit in the trial court's judgment is the denial of judicial diversion and full probation. However, we will not speculate as to the reasoning behind the judgments of the trial court.

### III. Conclusion

For these reasons, we remand for a new sentencing hearing in order for the trial court to place its reasoning upon the record.

_____
JOHN EVERETT WILLIAMS, JUDGE