IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

**STATE OF TENNESSEE v. GUSTAVO CHAVEZ**

**Direct Appeal from the Circuit Court for Decatur County**
**No. 03-CR-140      C. Creed McGinley, Judge**

---

**No. W2004-01154-CCA-R3-CD  - Filed March 17, 2005**

---

The defendant, Gustavo Chavez, pled guilty to one count of aggravated sexual battery, a Class B felony.  After conducting a sentencing hearing, the trial court classified him as a Range I offender and imposed a ten year sentence at 100% service in the Department of Correction.  On appeal, the defendant challenges the length of the sentence imposed by the trial court.  After reviewing the record and the applicable law, we affirm the defendant's conviction.  However, in light of Blakely v. Washington, 542 U.S. ----, 124 S. Ct. 2531 (2004), we modify the defendant's sentence to an effective sentence of eight years at 100% service.  We, therefore, remand the case for entry of a judgment that is consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified**

J.C. MCLIN, J., delivered the opinion of the court, in which John Everett Williams, J., joined. DAVID G. HAYES, J., filed a dissenting opinion.

Guy T. Wilkinson, District Public Defender; Richard W. DeBerry, Assistant District Public Defender, for the appellant, Gustavo Chavez.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Robert Radford, District Attorney General; and Jerry W. Wallace, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Facts and Procedural Background**

In February 2004, the defendant pled guilty to one count of aggravated sexual battery.  At the hearing on the plea, the State recited the following facts: "the Defendant . . . on or about the 2nd day of January, 2003, here in Decatur County, did have unlawful sexual contact with a victim, the victim

being under the age of thirteen years." The record does not reflect that any additional facts underlying the offense were introduced at the hearing.

In April 2004 the trial court conducted a sentencing hearing. The defendant requested that the trial judge mitigate his sentence because "there was no physical injury or physical harm." The State requested that the trial judge enhance the defendant's sentence due to the defendant's alleged relationship to the child: "the mother of the child was a girlfriend of the Defendant, and the child was within the home, and the Defendant was also there in the home." The State further submitted that, due to the age of the victim, the potential for bodily injury warranted additional enhancement.

The trial court stated:

[The defendant] has pled guilty to a reduced charge of aggravated sexual battery, which is a Class B felony. He is classified as a Range I offender. . . .
    The State has suggested enhancing factors of number eight, which this Court specifically rejects. . . . The law, quite simply, is not very settled in this, and the Court at this particular point does not feel that sufficient evidence exists upon this record to demonstrate that [point] . . . .
    The Court finds that [enhancement factor] number sixteen does apply. Apparently, [the defendant] was a paramour with the mother of the victim. It puts him in an authority-type position, and it's quite obvious that [the defendant] used this in the commission of the offense.
    [Enhancement factor] [n]umber seventeen, I don't feel that it, once again, is appropriate, that the very nature of this offense would be potential for bodily injury to a victim. I see that more as applying with the use of firearms and things like that.
    I am not - - I do not feel that number one, the mitigating factor that has been suggested, would apply. I don't think you can say that it neither caused nor threatened bodily injury because, when you're speaking of sexual offenses with someone that's eight or nine years old, the Court's just not compelled to accept that [argument], that it does not threaten serious bodily injury because it threatens serious bodily injury, it threatens serious mental injury, and there's a host of problems that result . . . .
        . . . .
    We've got one enhancing factor and probably I could apply eight, but with the state of flux with the appellate court system, I'm reluctant to do that. I don't want to revisit this at a later date.
    Having said that, there's an eight-to-twelve-year range. The Court feels that the appropriate sentence in this case is ten years.
I've considered the case, and despite the fact that there's no prior record concerning the circumstances of this offense, the very young age of the child, the Court feels for reason of deterrence as well as the mere fact that I do not feel that it would serve the ends of justice to place him on alternative correction, I feel that it would send entirely the wrong message concerning the victimization of a very, very young victim, and

I don't feel it's appropriate. It would depreciate the seriousness of this offense, which the Court views as being very serious. Therefore, ten years, DOC.

This appeal timely followed.

## II. Analysis

In this appeal, the defendant challenges whether or not the trial court correctly applied the enhancement factor in setting the length of his sentence. He also asserts that the trial court should have mitigated the sentence due to lack of physical injury. "When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a de novo review, we are to consider: (a) any evidence received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the offense; (e) evidence offered by the parties on any mitigating or enhancement factors; (f) any statements made by the defendant on his or her own behalf about sentencing; and (h) the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210(b) (2003); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). We must further consider that the defendant bears "the burden of showing that the sentence is improper." Ashby, 823 S.W.2d at 169.

A review of the transcript of the sentencing hearing indicates ample evidence that the trial court considered the sentencing principles and the relevant facts and circumstances. Therefore, we review its decision de novo with a presumption of correctness. Generally, so long as the trial court complied with the purposes and procedures of the 1989 Sentencing Act and its findings are supported by the record, this Court cannot disturb the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, the continuing validity of our current sentencing scheme is called into question by the United States Supreme Court opinion in Blakely, 124 S. Ct. at 2531. Therefore, we must first address the impact of Blakely in conducting our review of the defendant's sentence.

In Blakely, the Court applied the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000), to strike down a provision of Washington's sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. 124 S. Ct. at 2537. The Court reversed and remanded the case, holding that the sentence violated the defendant's Sixth Amendment right to a jury trial because the facts supporting the defendant's "exceptional sentence" were neither admitted by him nor found by a jury. Id.

The emergence of <u>Blakely</u> signals certain infirmities in Tennessee's sentencing scheme. In Tennessee, the presumptive length of a defendant's sentence is prescribed through particular ranges of punishment as set by the 1989 Sentencing Act. The presumptive sentence for a Range I offender that commits a Class B felony is "not less than eight (8) years nor more than twelve (12) years." Tenn. Code Ann. § 40-35-112(a)(2) (2003). Pursuant to Tennessee Code Annotated section 40-35-210, the trial court may impose a sentence in excess of the presumptive minimum when it finds the existence of one or more enumerated factors in Tennessee Code Annotated section 40-35-114.

Pursuant to <u>Blakely</u>, sentence enhancement based upon factor sixteen in Tennessee Code Annotated section 40-35-114, that the defendant abused a position of trust, requires a jury finding or an admittance by the defendant. In the present case, the trial judge relied solely upon factor sixteen to increase the defendant's sentence beyond the presumptive minimum. However, no facts establishing the defendant's relationship to the victim were presented at the guilty plea hearing. The record does not contain an admittance by the defendant of his relationship to the victim or that enhancement factor sixteen is appropriate. Consequently, such a finding should be made by a jury under <u>Blakely</u>. Accordingly, we must disregard the imposition of this enhancement factor and modify the defendant's sentence to the presumptive minimum, eight years, at 100% service.

The defendant's additional argument is that the trial court should have applied mitigating factor one in Tennessee Code Annotated section 40-35-113, that his conduct neither caused nor threatened serious bodily injury. This Court has held that "the <u>Blakely</u> rule is not linked to eligibility for sentence mitigation; it is tied to a judge finding factual standards to justify increasing the sentence beyond the 'maximum' or presumptive sentence." <u>State v. Linda H. Overholt</u>, No. E2003-01881-CCA-R3-CD, 2005 WL 123483, at *14 (Tenn. Crim. App., at Knoxville, Jan. 21, 2005). Having found that <u>Blakely</u> is inapplicable and that the trial court considered sentencing principles and the relevant facts, we review this argument <u>de</u> <u>novo</u> with a presumption of correctness.

The trial court considered the defendant's argument that this mitigating factor should apply because "there was no physical injury or physical harm in this case." However, the trial court recognized the young age of the victim and that this conduct "threatens serious bodily injury, it threatens serious mental injury, and there's a host of problems that result." Tennessee Code Annotated section 39-11-106(a)(34) defines "serious bodily injury" to include substantial impairment of a mental faculty. This Court has held that "[p]sychological problems can constitute serious bodily injury." <u>State v. William Marvin Brown</u>, No. M2001-02287-CCA-R3-CD, 2002 WL 31852853, at *7 (Tenn. Crim. App., at Nashville, Dec. 18, 2002) (citing <u>State v. Smith</u>, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995)). This Court has further held that "every sexual offense is physically and mentally injurious to the victim." <u>State v. Johnny Shields</u>, No. W2001-01554-CCA-R3-CD, 2002 WL 927606, at *4 (Tenn. Crim. App., at Jackson, May 3, 2002) (citing <u>State v. Kissinger</u>, 922 S.W.2d 482, 487 (Tenn. 1996)). Accordingly, we conclude that mitigating factor one is inapplicable in this case.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the defendant's conviction, modify the defendant's sentence to an effective sentence of eight years at 100% service, and remand the case for entry of a judgment of conviction that is consistent with this opinion.

_____
J.C. McLIN, JUDGE