# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Remanded by Supreme Court October 3, 2005

## STATE OF TENNESSEE v. GUSTAVO CHAVEZ

**Direct Appeal from the Circuit Court for Decatur County**
**No. 03-CR-140     C. Creed McGinley, Judge**

---

**No. W2005-02318-CCA-RM-CD  - Filed December 7, 2005**

---

This case is before us after remand by the Tennessee Supreme Court. The defendant, Gustavo Chavez, pled guilty to one count of aggravated sexual battery, a Class B felony. He was sentenced to ten years at 100% to be served in the Department of Corrections. On appeal, this Court originally affirmed the defendant's conviction but modified his sentence to eight years due to our determination that the trial court improperly applied a statutory enhancement factor in violation of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). Subsequently, our supreme court held in <u>State v. Gomez</u>, 163 S.W.3d 632 (Tenn. 2005) that Tennessee's sentencing scheme constitutes a non-mandatory scheme which does not violate the Sixth Amendment right to a jury trial as interpreted by <u>Blakely</u>. Accordingly, our supreme court remanded this case for reconsideration in light of <u>Gomez</u>. Upon consideration of <u>Gomez</u>, we affirm the conviction and sentence as originally imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ. joined.

Guy T. Wilkinson, District Public Defender; Richard W. DeBerry, Assistant District Public Defender, for the appellant, Gustavo Chavez.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Robert Radford, District Attorney General; and Jerry W. Wallace, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION ON REMAND

### I.  Facts and Procedural Background

In February 2004, the defendant pled guilty to one count of aggravated sexual battery. At the hearing on the plea, the State recited the following facts: "the Defendant . . . on or about the 2nd day

of January, 2003, here in Decatur County, did have unlawful sexual contact with a victim, the victim being under the age of thirteen years." The record does not reflect that any additional facts underlying the offense were introduced at the hearing.

In April 2004, the trial court conducted a sentencing hearing. The defendant requested that the trial judge mitigate his sentence because "there was no physical injury or physical harm." The State requested that the trial judge enhance the defendant's sentence due to the defendant's alleged relationship to the child: "the mother of the child was a girlfriend of the Defendant, and the child was within the home, and the Defendant was also there in the home." The State further submitted that, due to the age of the victim, the potential for bodily injury warranted additional enhancement.

> The trial court stated:
> [The defendant] has pled guilty to a reduced charge of aggravated sexual battery, which is a Class B felony. He is classified as a Range I offender. . . .
>
> The State has suggested enhancing factors of number eight, which this Court specifically rejects. . . . The law, quite simply, is not very settled in this, and the Court at this particular point does not feel that sufficient evidence exists upon this record to demonstrate that [point] . . . .
>
> The Court finds that [enhancement factor] number sixteen does apply. Apparently, [the defendant] was a paramour with the mother of the victim. It puts him in an authority-type position, and it's quite obvious that [the defendant] used this in the commission of the offense.
>
> [Enhancement factor] [n]umber seventeen, I don't feel that it, once again, is appropriate, that the very nature of this offense would be potential for bodily injury to a victim. I see that more as applying with the use of firearms and things like that.
>
> I am not - - I do not feel that number one, the mitigating factor that has been suggested, would apply. I don't think you can say that it neither caused nor threatened bodily injury because, when you're speaking of sexual offenses with someone that's eight or nine years old, the Court's just not compelled to accept that [argument], that it does not threaten serious bodily injury because it threatens serious bodily injury, it threatens serious mental injury, and there's a host of problems that result . . . .
>
> . . . .
>
> We've got one enhancing factor and probably I could apply eight, but with the state of flux with the appellate court system, I'm reluctant to do that. I don't want to revisit this at a later date.
>
> Having said that, there's an eight-to-twelve-year range. The Court feels that the appropriate sentence in this case is ten years.
> I've considered the case, and despite the fact that there's no prior record concerning the circumstances of this offense, the very young age of the child, the Court feels for reason of deterrence as well as the mere fact that I do not feel that it would serve the ends of justice to place him on alternative correction, I feel that it would send entirely the wrong message concerning the victimization of a very, very young victim, and

I don't feel it's appropriate. It would depreciate the seriousness of this offense, which the Court views as being very serious. Therefore, ten years, DOC.

A timely appeal followed.

## II. Analysis

On appeal, the defendant challenges whether or not the trial court correctly applied the enhancement factor in setting the length of his sentence. He also asserts that the trial court should have mitigated the sentence due to lack of physical injury. "When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a de novo review, we are to consider: (a) any evidence received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the offense; (e) evidence offered by the parties on any mitigating or enhancement factors; (f) any statements made by the defendant on his or her own behalf about sentencing; and (h) the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210(b) (2003); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). We must further consider that the defendant bears "the burden of showing that the sentence is improper." Ashby, 823 S.W.2d at 169.

As a Range I, standard offender convicted of a Class B felony, the defendant was subject to a sentence of eight to twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (2003). At the time of sentencing, our sentencing scheme indicated that the presumptive sentence for a Class B felony was the minimum in the range if no enhancement or mitigating factors were present. Id. § 40-35-210(c).[1] Procedurally, the trial court starts with the minimum sentence, increasing the sentence within the range as appropriate based upon the existence of enhancement factors, and then, reducing the sentence within the range as appropriate based upon the existence of mitigating factors. Id. § 40-35-210(d)-(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the principles of the 1989 Sentencing Reform Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Cmts.

---

[1] Since the defendant's sentencing, Tennessee's sentencing scheme has been modified. Modifications include the renumbering of enhancement factors and the indication that application of enhancement factors is advisory, not mandatory. See Tenn. Code Ann. §§ 40-35-114, -210.

In Blakely v. Washington, the United States Supreme Court held that the defendant's Sixth Amendment right to a jury trial was violated if a trial judge increased a defendant's sentence above the presumptive sentence based on facts not reflected in the jury's verdict or admitted by the defendant. See Blakely, 124 S. Ct. at 2537. Previously, this Court had concluded that Blakely impacted the validity of our statutory sentencing scheme, insofar as our enhancement provisions permitted a trial judge to increase a defendant's presumptive sentence based upon facts not reflected in the jury's verdict or admitted by the defendant. However, our supreme court recently held that Tennessee's sentencing scheme constitutes a non-mandatory scheme which does not violate the Sixth Amendment right to a jury trial as interpreted by Blakely. Gomez, 163 S.W.3d at 658-62. Our supreme court opined that Blakely's prohibition rested on the premise that the sentencing scheme was mandatory and imposed binding requirements on all judges imposing sentences. Id. at 657 (quoting United States v. Booker, 125 S. Ct. 738, 749 (2005)). According to our supreme court, Tennessee's sentencing scheme does not mandate an increase in sentencing upon the finding of enhancement factors. Id. at 660-61. Instead, Tennessee's sentencing scheme reflects a discretionary process where a trial judge is required to consider enhancement and mitigating factors but is free to exercise discretion when choosing a sentence within the statutory range. Id.

A review of the transcript of the sentencing hearing indicates that the trial court considered the sentencing principles and the relevant facts and circumstances. Therefore, we review its decision de novo with a presumption of correctness. Generally, so long as the trial court complied with the purposes and procedures of the 1989 Sentencing Act and its findings are supported by the record, this Court cannot disturb the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the present case, the trial court applied enhancement factor (16), the defendant abused a position of trust, to increase the defendant's sentence beyond the presumptive minimum of eight years to ten years. The record reflects that the defendant was in the position of the victim's mother's paramour, shared a home with the five-year-old victim, and served as a "parental figure" to the victim. Based upon the record and applicable authorities, we conclude that the trial court correctly applied enhancement factor (16) in determining the defendant's sentence.

The defendant's additional argument is that the trial court should have applied mitigating factor (1) in Tennessee Code Annotated section 40-35-113, that his conduct neither caused nor threatened serious bodily injury. This Court has held that "the Blakely rule is not linked to eligibility for sentence mitigation; it is tied to a judge finding factual standards to justify increasing the sentence beyond the 'maximum' or presumptive sentence." State v. Linda H. Overholt, No. E2003-01881-CCA-R3-CD, 2005 WL 123483, at *14 (Tenn. Crim. App., at Knoxville, Jan. 21, 2005). Having found Blakely inapplicable and that the trial court considered sentencing principles and the relevant facts, we review this argument de novo with a presumption of correctness.

The trial court considered the defendant's argument that this mitigating factor should apply because "there was no physical injury or physical harm in this case." However, the trial court recognized the young age of the victim and that this conduct "threatens serious bodily injury, it threatens serious mental injury, and there's a host of problems that result." Tennessee Code

Annotated section 39-11-106(a)(34) defines "serious bodily injury" to include substantial impairment of a mental faculty. This Court has held that "[p]sychological problems can constitute serious bodily injury." State v. William Marvin Brown, No. M2001-02287-CCA-R3-CD, 2002 WL 31852853, at *7 (Tenn. Crim. App., at Nashville, Dec. 18, 2002) (citing State v. Smith, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995)). This Court has further held that "every sexual offense is physically and mentally injurious to the victim." State v. Johnny Shields, No. W2001-01554-CCA-R3-CD, 2002 WL 927606, at *4 (Tenn. Crim. App., at Jackson, May 3, 2002) (citing State v. Kissinger, 922 S.W.2d 482, 487 (Tenn. 1996)). Accordingly, we conclude that mitigating factor (1) is inapplicable in this case.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the defendant's conviction and sentence.

_____
J.C. McLIN, JUDGE