# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## HEARD AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. MICHAEL ANTHONY MADDOX

### Appeal from the Circuit Court for Marshall County
### No. 13879    William Charles Lee, Judge

---

### No. M2000-00193-CCA-R3-CD - Filed September 22, 2000

---

The defendant appeals the sentencing decision of the Marshall County Circuit Court.  The defendant was convicted of two counts of sexual battery by an authority figure and sentenced to concurrent four year terms on each count.  He was convicted of two counts of aggravated sexual battery and sentenced to concurrent twelve year terms on each count.  Those sentences were run consecutively to the sentences for aggravated battery, for an effective sentence of sixteen (16) years.  We affirm the judgment of the trial court.

### T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which DAVID H. WELLES, J. and ALAN E. GLENN, J., joined.

Gary Howell, for the appellant, Michael Anthony Maddox.

Paul G. Summers, Attorney General & Reporter, David H. Findley, Assistant Attorney General, William Michael McCown, District Attorney General, Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Defendant Michael Anthony Maddox was indicted for five counts of sexual battery by an authority figure, a Class C felony, and three counts of aggravated sexual battery, a Class B felony.  The victim in each of the cases was his adopted daughter.[1]  A jury convicted the defendant on all counts except one count of aggravated sexual battery, which was dismissed by the trial court.

The victim of the offenses was born December 6, 1985, and is the defendant=s adopted daughter.  She testified at trial that on certain days in 1998 and 1999 as indicated in the indictments, while she was living at home with the defendant, he fondled her or caused her to

---

[1]It is our policy not to reveal the victim=s name.

fondle him.[2]  On various occasions the defendant fondled the victim=s breasts, touched her vagina, rubbed his penis against her vagina, and/or ejaculated on or near her.  The victim did not resist or tell anyone because the defendant had previously threatened to kill her and her family.  The victim=s mother testified that the defendant, her husband, often made wild and irrational accusations of infidelity against her.  Those accusations were frequently coupled with threats to kill her, the children, and himself.  This type of irrational behavior continued for at least two (2) years prior to the time the parties separated in January 1999.  At the sentencing hearing Dr. John W. Lancaster testified that the defendant suffered from Acognitive disorders and immaturity@.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. ' 40-35-401 (d).  This presumption is, however, Aconditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.@  *State v. Ashby*, 823 S.W. 2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report;  (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment.  Tenn. Code Ann. ' ' 40-35-102, -103, and -210; See *State v. Smith*, 735 S.W. 2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify this sentence even if we would have preferred a different result.  *State v. Fletcher*, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991).

On October 13, 1999, the trial court conducted a sentencing hearing.  At that time the court merged the convictions on Counts I and II; and on Counts III, IV, and V.  As a Range I offender, the defendant was eligible for sentences of three (3) to six (6) years on the Class C felonies and eight (8) to twelve (12) years on the Class B felonies.  Tenn. Code Ann. ' 40-35-111.  The court ordered the defendant to serve concurrent four-year sentences on the sexual battery charges and concurrent twelve-year sentences on the aggravated sexual battery convictions, which were run consecutive to the other sentences.  The total effective sentence was sixteen (16) years.

_____

[2] The defendant testified at trial and denied all allegations made by the victim.  However, in his brief on appeal, and for the limited issues presented, he concedes the pertinence of the facts as set forth.

On appeal defendant does not question the sufficiency of the convicting evidence. He also does not contest the court=s decision to run certain of the sentences consecutive to one another. He contends only that improper consideration of enhancement and mitigating factors resulted in the imposition of improper sentence lengths.

In imposing sentence the trial court found two enhancement factors applicable to all the convictions: (1) the defendant had a previous history of criminal convictions or behavior; and (2) the defendant had a history of failure to abide by the conditions of a sentence involving release into the community. Tenn. Code Ann. ' 40-35-114(1), (8). Both factors were properly applied. Although defendant had not previously been convicted of felony offenses, he did have convictions for at least two misdemeanor offenses. Additionally, the victim testified that the defendant had been sexually abusing her for many years prior to the time he was indicted for these specific offenses. Second, information contained in the presentence report revealed that the defendant was on bond awaiting trial in the instant case when he committed and was convicted of the misdemeanor offenses. However, the trial court did not place much weight on this factor.

The defendant does not take issue with the application of these enhancement factors.

The trial court applied an additional enhancement factor to the sexual battery convictions, finding that the victim, thirteen (13) years old at the time, was particularly vulnerable because of her age. Tenn. Code Ann. ' 40-35-114(4). The defendant challenges the applicability of this factor to those convictions, contending that age is an essential element of the offenses in this case. We agree. Although a court may apply factor (4) even when age is an essential element, if the record demonstrates that the victim was incapable of resisting, summoning help, or testifying, see *State v. Walton*, 958 S.W.2d 724, 729 (Tenn. 1997), the record in this case does not support the duplicative effect of that application.

The trial court also applied an additional enhancement factor to the aggravated sexual battery convictions, finding that the defendant, the victim=s stepfather, abused a position of trust. Tenn. Code Ann. ' 40-35-114(15). This factor is, in fact, most typically applied to parents of a minor victim, and has been properly applied in this case. See *State v. Kissinger*, 922 S.W.2d 482, 488 (Tenn. 1996).

The defendant contends that the trial court should have found the existence of a mitigating factor, that the defendant=s criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. ' 40-35-113(1). The defendant cites no authority, but contends that Ait is doubtful@ that the legislature intended to include mental or emotional anguish of a young victim in the definition of Aserious bodily injury@. However, this court has previously held that psychological injuries resulting from this type of conduct do negate the applicability of this mitigating factor. See *State v. Smith*, 910 S.W.2d 457, 461 (Tenn. Crim. App. 1995); *State*

*v. Johnson*, No. 02C01-9604-CC-00127 (Tenn. Crim. App., Jackson, Dec. 3, 1997). The defendant has not overcome the presumptive correctness of the trial court=s election not to apply mitigating factor (1).

The defendant also challenges the trial court=s failure to find the existence of mitigating factor (8), that the defendant was suffering from a mental or physical condition that significantly reduced his culpability for the offense. Tenn. Code Ann. ' 40-35-113(8). However, the testimony does not support the existence of this factor. Defendant relies on the testimony of his wife and daughter, and a statement made by a psychosexual counselor, that he was somewhat paranoid or irrational. There is no testimony in the record that this defendant suffered from a diagnosed mental condition that reduces culpability. The court was within its discretion in declining to apply this mitigating factor.

Since the trial court misapplied an enhancement factor, the imposed sentence is not entitled to a presumption of correctness. However, a finding that an enhancement factor was erroneously applied does not necessarily equate to a reduction in sentence. *State v. Lavender*, 967 S.W.2d 803, 809 (Tenn. 1998). We conclude in our de novo review that the sentences imposed were appropriate.

The judgment of the trial court is affirmed.

_____
CORNELIA A. CLARK, SPECIAL JUDGE

-4-